IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY ALAN HILGER,<br><br>Defendant. | CR 06-18-H-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Jeffrey Alan Hilger (Hilger) has been accused of violating the conditions of his supervised release. Hilger admitted all of the alleged violations. Hilger's supervised release should be revoked. Hilger should be placed in custody for 2 months, with a lifetime of supervised release to follow.

## II. Status

Hilger pleaded guilty to Receipt of Child Pornography and Possession of Child Pornography on October 12, 2006. (Doc. 14). The Court sentenced Hilger to 60 months of custody, followed by a lifetime of supervised release. (Doc. 21). Hilger's current term of supervised release began on January 10, 2014. (Doc. 64 at 1).

## Petition

The United States Probation Office filed a Petition on March 1, 2022, requesting that the Court revoke Hilger's supervised release. (Doc. 64). The Petition alleged that Hilger had violated the conditions of his supervised release: 1) by possessing a cell phone that was capable of accessing the Internet; 2) by possessing a cell phone with a functioning camera; and 3) by failing to successfully complete his sex offender treatment program.

## Initial appearance

Hilger appeared before the undersigned for his initial appearance on March 22, 2022. Hilger was represented by counsel. Hilger stated that he had read the petition and that he understood the allegations. Hilger waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

## Revocation hearing

The Court conducted a revocation hearing on March 22, 2022. Hilger admitted that he had violated the conditions of his supervised release: 1) by possessing a cell phone that was capable of accessing the Internet; 2) by possessing a cell phone with a functioning camera; and 3) by failing to successfully complete his sex offender treatment program. The violations are

serious and warrant revocation of Hilger's supervised release.

Hilger's violations are Grade C violations. Hilger's criminal history category is I. Hilger's underlying offense is a Class C felony. Hilger could be incarcerated for up to 24 months. Hilger could be ordered to remain on supervised release for up to life. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Hilger's supervised release should be revoked. Hilger should be incarcerated for 2 months, with a lifetime of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Hilger that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Hilger of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Hilger that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Jeffrey Alan Hilger violated the conditions of his supervised release: by possessing a cell phone that was capable of accessing the Internet; by possessing a cell phone with a functioning camera; and by failing to successfully complete his sex offender treatment program.

The Court **RECOMMENDS:**

That the District Court revoke Hilger's supervised release and commit Hilger to the custody of the United States Bureau of Prisons for 2 months, with a lifetime of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 23rd day of March, 2022.

John Johnston
United States Magistrate Judge